UNITED STATES of America, Plaintiff–Appellee,

v.

Jeffrey R. WALKER, Robert D. Douglas, Thomas Douglas, Jr., Defendants–Appellants.

No. 93–8235.

United States Court of Appeals, Eleventh Circuit.

July 14, 1994.

34(a); Ninth Circuit Rule 34–4.

William A. Morrison, Jones, Morrison & Womack, Atlanta, GA, for Walker.

John L. Smith, and John H. Harralson, III., Alagia, Day, Trautwein & Smith, Louisville, KY, for R. Douglas and T. Douglas.

Joe D. Whitley, U.S. Atty., Atlanta, GA and Jeffrey B. Chasnow, U.S. Dept. of Justice, Civ. Div., Consumer Litigation, Washington, DC, for appellee.

Before EDMONDSON, Circuit Judge, JOHNSON, Senior Circuit Judge, and PITTMAN*, Senior District Judge.

PER CURIAM:

■ This case is about fraud. Defendants Jeffrey Walker, Robert Douglas and Thomas Douglas, Jr. were convicted in 1992 of, among other things, introducing adulterated food into interstate commerce with the intent to defraud and mislead. *See* 21 U.S.C. §§ 331(a) and 333(a)(2). Defendants argue the district court abused its discretion when it denied their request for a good faith defense jury instruction in addition to the court's instruction to the jury on intent to defraud.[1] We disagree.

■ A district court's failure to give a requested jury instruction is only error if the requested instruction is substantially correct as proffered, is not addressed in the charge given, and the instruction deals with a trial issue that is so important that the failure to give the instruction seriously impaired the defendant's ability to present an effective defense. *See U.S. v. Morales*, 978 F.2d 650, 652 (11th Cir.1992).

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Defendants also argue the district court abused its discretion in refusing to hear testimony from the lawyers that defendants consulted when seeking advice on the legality of defendants' acts.

Because we conclude this evidence is not relevant to whether defendants intended to commit fraud—as opposed to whether they intended to violate a specific criminal law—this contention has no merit. *See United States v. Costanzo*, 4 F.3d 658 (8th Cir.1993).

■ Defendants cannot meet the second element of this test. "A finding of specific intent to deceive categorically excludes a finding of good faith . . ." *See United States v. Chenault,* 844 F.2d 1124, 1130 (5th Cir. 1988). The district court gave the jury a detailed explanation of what "intent" means in the context of the charges against defendants. The court's instruction to the jury on intent to defraud adequately addressed the concept of good faith. So, the jury essentially considered the defense of good faith and rejected it when it found defendants guilty. *See United States v. Lavergne,* 805 F.2d 517 (5th Cir.1986); *see also United States v. Dockray,* 943 F.2d 152, 155 (1st Cir.1991) (where court properly instructs on intent to defraud, separate instruction on good faith not required); *cf. United States v. De La Vega,* 913 F.2d 861, 872 (11th Cir.1990), *cert. denied,* 500 U.S. 916, 111 S.Ct. 2011, 114 L.Ed.2d 99 (1991) (defendant was not prejudiced by court's refusal to give defendant's requested jury instruction when requested charge was substantially addressed in charge actually given by court).[2] Under these facts, a good faith defense instruction would have been superfluous. We cannot conclude the district court abused its discretion in refusing defendants' proffered instructions.

The district court is AFFIRMED.

---

2. Defendants reliance on *United States v. Opdahl,* 930 F.2d 1530, 1535 (11th Cir.1991), is misplaced. In *Opdahl,* the district court's instruc-

tion as given to the jury did not adequately address the elements of the requested charge. That is not true in this case.